UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CRISP HOLDINGS, LLC, a Delaware limited
liability company,

       Plaintiff,

      v.

K&A PRODUCE, INC., a New York Corporation,
KEVIN DIAZ, an individual; RODIN DIAZ, an
individual; and DOES 1 through 50 inclusive,

       Defendants.

-----------------------------------------------------------------x

**ORDER**
14-CV-5200 (PKC)

PAMELA K. CHEN, United States District Judge:

On September 5, 2014, Plaintiff initiated this action and simultaneously moved the Court, *ex parte*, for a Temporary Restraining Order ("TRO") and Order to Show Cause re Preliminary Injunction, seeking to enjoin Defendants from dissipating assets and/or requiring Defendants to produce an accounting of current assets and liabilities for their business, K&A Produce, Inc. ("K&A"). (Dkts. 1–3.) That same day, based on Plaintiff's submissions, the Court granted the TRO, and issued the requested show cause order with a hearing date of September 22, 2014. (Dkt. 7.) The TRO, *inter alia*, enjoined Defendants from "alienating, dissipating, paying over, assigning or transferring any assets of Defendant K&A or its subsidiaries or related companies" with the exception of using its assets to pay Plaintiff. (Dkt. 7.) In the event Defendants failed to pay Plaintiff the sum of $79,699.84 within two business days of the order, the TRO directed Defendants to "file with this Court, with a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and accounts receivable reports of Defendant K&A signed under penalty of perjury; and that [D]efendants shall also supply to Plaintiff's attorney, within

five (5) days of the date of the Order, any and all documents in their possession, custody, or control related to the assets and liabilities of Defendant K&A . . . ." (Dkt. 7 at 2–3.)

On September 17, 2014, Plaintiff moved by Order to Show Cause for a finding of contempt of the Court's TRO, citing Defendants' failure to pay Plaintiff the required sum or to provide the accounting set forth in the TRO. (Dkt. 9.) The same day, Defendants filed their opposition to Plaintiff's preliminary injunction motion and motion for contempt (Dkts. 16–21), and cross-moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (Dkt. 15.)[1] The Court issued an Order to Show Cause with respect to Plaintiff's contempt motion, and set the hearing on the contempt motion for the same day as the preliminary injunction hearing. (Dkt. 22.)

On September 19, 2014, Plaintiff replied in further support of the preliminary injunction motion (Dkt. 23), and Defendants replied in further support of the motion to dismiss the complaint. (Dkt. 24.) Today, Plaintiff submitted an additional affidavit of Amber Lawson, one of Plaintiff's account managers, in further support of a preliminary injunction. The Court today heard oral argument with respect to the parties' respective motions. The Court ruled on the motions on the record at the hearing, and hereby issues this order in accordance with those rulings.

Based upon the submissions of the parties and the arguments made at today's hearing, and upon due consideration thereof, it hereby is ORDERED AND ADJUDGED THAT:

1) The TRO issued by the Court is VACATED;

---

[1] Plaintiff's motion to dismiss was procedurally improper in that it violated the Court's Individual Practices and Rules 3(D), which requires a request for a premotion conference prior to dispositive motion practice. *See* https://www.nyed.uscourts.gov/pub/rules/PKC-MLR.pdf.

2) Plaintiff's motion for a Preliminary Injunction is GRANTED, in part. Defendants are enjoined from alienating, transferring, dissipating, or in any way using K&A's assets, except for the purposes of: a) establishing a trust in the amount of $40,000 for the benefit of Plaintiff; and b) posting a bond in the amount of $40,000 for the benefit of Plaintiff. Defendants also may use K&A assets in order to pay to Plaintiff $79,699.84 in satisfaction of Plaintiff's claims, or in such other amount as agreed to by the parties;

3) As soon as Defendants have complied with subsection 2 above, Defendants shall apprise the Court, via ECF, with appropriate accompanying documentation, of their compliance. If the Court is satisfied as to Defendants' compliance, it will issue an order vacating the restrictions currently imposed on K&A's Chase Bank account ending in 7361 ("K&A Chase Account"); and

4) On or before September 30, 2014, Defendants shall provide to Plaintiff and the Court: a) the September 2014 bank statement for the K&A Chase Account; b) copies of all checks issued from the K&A Chase Account in August 2014 and September 2014; c) monthly statements for July 2014 through September 2014 for any other bank accounts used by Defendants to conduct K&A business; d) monthly statements for July 2014 through September 2014 for all personal bank accounts of Defendants Kevin Diaz and Rodin Diaz; and e) any documentary evidence relating to the use or disposition of the $9,000 cash withdrawn from the K&A Chase Account in September 2014.

For the reasons stated on the record, Defendants' motion to dismiss the complaint is denied in its entirety, without prejudice to renew, provided that Plaintiff complies with the Court's Individual Practices and Rules regarding such motions.

Lastly, the Court reserves decision with respect to Plaintiff's motion for contempt, with leave for Plaintiff to renew and submit supplemental materials in connection with the motion at a later date. In addition, Plaintiff is ordered to produce to Defendants, on or before October 14, 2014, all emails from Plaintiff transmitting to K&A invoices relevant to this action, including any attachments.

SO ORDERED:

  /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: September 22, 2014
      Brooklyn, New York